```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SEYMOUR                                       CIVIL ACTION

VERSUS                                        NO: 15-3829

BLUECROSS BLUESHIELD OF                       SECTION: "J"(4)
SOUTH CAROLINA
```

### ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 13)** filed by Defendant Blue Cross Blue Shield of South Carolina ("BCBSSC") and an opposition thereto **(Rec. Doc. 14)** filed by Plaintiff Roderic Seymour. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** in part and **DENIED** in part.


### FACTS AND PROCEDURAL BACKGROUND

This case arises out of the denial of benefits pursuant to an employee health benefits plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Specifically, Defendant denied Plaintiff benefits under the ERISA health care plan for allegedly "investigational/experimental medical treatment." (Rec. Doc. 13-1, at 1). This suit was originally filed in the 32nd Judicial District Court of Terrebonne Parish. (Rec. Doc. 1.) The suit was removed and is properly before this Court under 28 U.S.C. § 1331.

(Rec. Doc. 1, at 2.) On May 28, 2013, Plaintiff's doctor telephoned BCBSSC to request precertification for a total hip replacement due to aseptic necrosis of the femur, which was approved. (Rec. Doc. 13-1, at 1; Rec. Doc. 14, at 2.) Later, Plaintiff's physician advised BCBSSC that he was considering an alternative outpatient treatment. (Rec. Doc. 14-2; Rec. 13-1.) BCBSSC indicated that it does not pre-certify "possible treatments" and that outpatient procedures do not require pre-certification. (Rec. Doc. 14-2; Rec. 13-1.) Plaintiff alleges that, based on these statements, he was told that "the procedure was approved because the hospital was not told the procedure was not covered by the policy of insurance issued by BCBSSC." (Rec. Doc. 14, at 3.) On June 13, 2013, Plaintiff received a core decompression with platelet-rich plasma. *Id.* at 2. A claim was submitted and ultimately denied as "experimental and investigational" and thus excluded under Plaintiff's policy. (Rec. Doc. 13-1, at 2.) Plaintiff timely appealed this denial, and the denial was upheld. *Id.*

## PARTIES' ARGUMENTS

Defendant argues that BCBSSC properly denied Plaintiff's claim pursuant to the experimental and investigational exclusion in Plaintiff's plan. *Id.* at 3. As such, Defendant seeks to limit this Courts review to whether the insurer and plan administrator properly denied the claim under an abuse of discretion standard.

*Id.* Pointing to the language in Plaintiff's plan, Defendant argues that Plaintiff's platelet-rich plasma procedure is excluded as "services or *Id.* In support of finding that such procedure is investigational or experimental, Defendant points to "BCBSSC Policy CAM 20116, entitled 'Recombinant and Autologous Platelet-Derived Growth Factors as a Treatment of Wound Healing and Other Miscellaneous Conditions'", which provides that procedures involving platelet-rich plasma are deemed investigational. (Rec. Doc. 13-1, at 4; Rec. Doc. 13-7, at 29.) Finally, Defendant argues that to the extent that Plaintiff asserts state law causes of action that they are preempted by ERISA. (Rec. Doc. 13-1.)

Plaintiff first argues that BCBSSC's "Medical Guidelines" conflict with the medical literature regarding treatment for osteonecrosis of the hip. (Rec. Doc. 14, at 4.) Plaintiff's main argument is that the "Medical Guidelines" used to determine which procedures are investigational or experimental are "confidential and are not part of the BCBSSC's policy of insurance nor is any reference made in the policy by BCBSSC to its 'Medical Guidelines.'" (Rec. Doc. 14, at 4.) Further, Plaintiff argues that he was not provided a copy of the "Medical Guidelines". (Rec. Doc. 14, at 4.) Finally, Plaintiff argues that his policy is ambiguous because BCBSSC uses confidential medical guidelines that are not part of his policy to determine which procedures are investigational. (Rec. Doc. 14, at 6.) Therefore, Plaintiff argues

3

his policy should be construed as ambiguous and in favor of coverage. (Rec. Doc. 14, at 6.)

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed

verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The parties apparently agree that ERISA governs this dispute and the employee benefit plan at issue. (Rec. Doc. 13-1, at 3; Rec. Doc. 14, at 5.) Plaintiff argues that the denial of benefits was in violation of ERISA. Liberally construed, Plaintiff has

5

brought suit under Section 502(a)(1)(B) of ERISA.[1] A district court reviews "an administrator's denial of ERISA benefits for abuse of discretion 'if an administrator has discretionary authority with respect to the decision at issue.'" *See Taylor v. Ochsner Found. Clinic Hosp*., No. 09-4179, 2010 WL 3528624, at *3 (E.D. La. Sept. 3, 2010) (quoting *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007)). While not expressly addressed by Defendant, it appears that the plan administrator in this case is given discretionary authority to determine which procedures are "investigational or experimental". Plaintiff's plan defines investigational or experimental as follows:

> **Investigational or Experimental**: surgical procedures or medical procedures, supplies, devices or drugs which, at the time provided, or sought to be provided, are ***in the judgment*** of the Corporation not recognized as conforming to generally accepted medical practice, or the procedure, drug or device:
> 1. Has not received required final approval to market from appropriate government bodies; or,
> 2. Is one about which the peer-reviewed medical literature does not permit conclusions concerning its effect on health outcomes; or,
> 3. Is not demonstrated to be as beneficial as established alternatives;
> 4. Has not been demonstrated to be as beneficial as established alternatives; or
> 5. Is one in which the improvement claimed is not demonstrated to be obtainable outside the investigational or experimental setting.

---

[1] Plaintiff does not expressly argue that this action is brought under Section 502(a)(1)(B) of ERISA. However, Plaintiff was a plan participant and argues that he was wrongfully denied benefits under his Plan. Further, Section 502(a)(1)(B) provides a plan participant or beneficiary the ability to "recover benefits due to him under the terms of his plan [or] enforce his rights under the terms of his plan." *See Taylor*, 2010 WL 3528624, at *3.

(Rec. Doc. 13-4, at 65-66) (emphasis added). Next, the Fifth Circuit instructs the Court to perform a "two-step analysis in determining whether a plan administrator abused its discretion in construing plan terms." *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 540 (5th Cir. 2007) (citing *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999)). First, the Court needs to determine "the legally correct interpretation of the plan and whether the administrator's interpretation accords with that interpretation." *Id.* (citing *Rhorer*, 181 F.3d at 639). If "the administrator has not given the plan the legally correct interpretation, we determine whether the administrator's interpretation constitutes an abuse of discretion." *Id.* (citing *Rhorer*, 181 F.3d at 640). "A substantial factor in determining whether the administrator's interpretation is a legally correct interpretation is whether the interpretation is 'fair and reasonable.'" *Id.* (quoting *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 344 (5th Cir. 2002)). "A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial." *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 246 (5th Cir. 2009).

Therefore, the first issue before the Court is the "legally correct interpretation of the plan and whether the administrator's

7

interpretation accords with that interpretation." *Pylant*, 497 F.3d at 540. In order to determine the legally correct interpretation of the plan, the Court must determine the contents of the plan. Defendant claims that the plan administrator used BCBSSC's Policy Cam 20116 to determine if Plaintiff's procedure was investigational. (Rec. Doc. 13-1, at 4.) However, Plaintiff argues that BCBSSC's "Medical Guidelines" are confidential, not part of Plaintiff's plan, not referenced or incorporated into Plaintiff's plan, and not provided to Plaintiff. (Rec. Doc. 14.) Defendant cites to only one out-of-circuit case, *Montvale Surgical Ctr., LLC v. Aetna Ins. Co.*, to support its position that summary judgment is appropriate where an insurer relies on a written policy finding platelet-rich plasma treatments as experimental. (Rec. Doc. 13-1, at 5.) However, in *Montvale*, the court expressly found that: "1) Aetna has made determinations regarding whether certain services or supplies are medically necessary, experimental and investigational, or cosmetic; and 2) Aetna *publicizes its determinations*, which it updates regularly by *issuing* Clinical Policy Bulletins." *Montvale Surgical Ctr., LLC v. Aetna Ins. Co.*, No. 12-2874, 2013 WL 2285952, at *3 (D.N.J. May 22, 2013). Further, the plaintiff in *Montvale* did not argue that the Clinical Policy Bulletin was not provided to him or part of the agreement. *See id.*

Here, the Court is unable to find any reference in Plaintiff's BCBSSC policy to "Medical Guidelines". (Rec. Doc. 13-

4.) Further, Defendant has not asserted that BCBSSC's "Medical Guidelines" were provided to Plaintiff or that Plaintiff was made aware of such guidelines. Additionally, BCBSSC's *ex post facto* determination of whether a procedure is covered or deemed investigational or experimental appears inherently unfair and unreasonable, weighing against the second step of the Court's analysis. *Pylant*, 497 F.3d at 540 ("A substantial factor in determining whether the administrator's interpretation is a legally correct interpretation is whether the interpretation is 'fair and reasonable'").[2] Therefore, the Court finds that genuine issues of material fact are still present making summary judgment inappropriate at this stage of the proceedings.

Defendant's second argument before the Court is that ERISA governs all of Plaintiff's claims. Plaintiff's original petition asserted a number of contract and tort-based claims. (Rec. Doc. 1-3, at 3.) Plaintiff's opposition does not dispute that ERISA governs all his claims, but rather Plaintiff appears to agree that ERISA does in fact govern all of his claims. (Rec. Doc. 14, at 5.)

---

[2] In the present dispute, Plaintiff's procedure was performed outpatient rather than inpatient. BCBSSC does not require precertification for outpatient procedures. (Rec. Doc. 13-1, at 1.) Therefore, despite Plaintiff's physician calling to determine whether the alternative outpatient procedure was covered, BCBSSC would not determine whether such procedure is covered because it was outpatient. *Id.* From the facts before the Court it then appears that the procedure is performed which then allows BCBSSC to retroactively determine which procedures are or are not covered. To determine which procedures are covered, it appears that BCBSSC uses a "Medical Policy" which is not directly referenced in their insureds' policy, incorporated into their insureds' policy, or provided to their insureds.

To the extent that Plaintiff's contractual claims arise under state law, they are preempted under ERISA's express preemption clause, which provides that ERISA is to "supersede any and all State laws insofar as they may . . . relate to any employee benefit plan" regulated by that Statute. 29 U.S.C. § 1144(a); *Taylor*, 2010 WL 3528624, at *3. Plaintiff's original petition alleges willful breach of contract and negligent breach of contract. (Rec. Doc. 1-3.) Plaintiff now appears to allege only that he was wrongfully denied benefits under his ERISA plan. (Rec. Doc. 14.) Therefore, to the extent that Plaintiff's contractual claims arise under state law, they are preempted.

In all, Plaintiff's tort-based claims include tortious interference with contract, negligent infliction of emotional distress, and mental anguish. (Rec. Doc. 1-3, at 3.) Plaintiff's tortious interference with contract claim, negligent infliction of emotional distress claim, and mental anguish claim are all preempted by ERISA. *See Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 432-33 (5th Cir. 2004) (Finding plaintiff's claim for tortious interference with contract preempted by ERISA); *Estate of Coggins v. Wagner Hopkins, Inc.*, 174 F. Supp. 2d 883, 888 (W.D. Wisc. Aug. 3, 2001) (Finding plaintiff's claims for bad faith and negligent infliction of emotional distress were preempted by ERISA); *Sublett v. Premier Bancorp Self-Funded Med. Plan*, 683 F.Supp. 153, 155 (M.D. La. 1988)

(Holding that claim for mental anguish under state law was preempted by ERISA). Therefore, to the extent that Plaintiff continues to allege tortious interference with contract, negligent infliction of emotional distress, and mental anguish under state law, these claims are preempted by ERISA.

## RECOMMENDATION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(Rec. Doc. 13)** is **GRANTED IN PART** in so far as Plaintiff's (1) willful breach of contract, (2) negligent breach of contract, (3) tortious interference with contract, (4) negligent infliction of emotional distress, and (5) mental anguish claims arise under state law. These claims are **DISMISSED** as **PREEMPTED** by **ERISA.**

**IT IS FURTHER ORDERED** that Defendant's *Motion for Summary Judgment* **(Rec. Doc. 13)** is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant BlueCross BlueShield of South Carolina's *Motion for Leave to File Reply* **(Rec. Doc. 15)** is **DENIED**.

New Orleans, Louisiana, this 30th day of June, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE